IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

|  |  |  |
|---|---|---|
| WILLIAM BROOMFIELD, | * | |
| Plaintiff | * | |
| VS. | * | NO: 5:08CV00066 SWW |
| MCGEHEE POLICE DEPARTMENT and ED O'CONNOR, | * | |
| Defendants | * | |

**Memorandum Opinion and Order**

On March 12, 2008, Plaintiff William Broomfield commenced this lawsuit *pro se.* Along with the complaint, Plaintiff filed an application to proceed *in forma pauperis* and a motion to appoint counsel. After careful review, and for the reasons that follow, the Court finds that the complaint is frivolous and should be dismissed and that the motion to proceed *in forma pauperis* and motion to appoint counsel should be denied as moot.

Plaintiff's complaint states that on July 1, 2007, while walking home, defendant Ed O'Connor, a police officer, pulled up, jumped out of his car, and "in a hostile manner," told plaintiff he was going to jail for public intoxication. Plaintiff said O'Connor patted him down, handcuffed him, and took him to jail. Plaintiff says he was charged with public intoxication and locked up for seven hours. He says the same day, he asked to call a bail bondsman and that is when he found out he was charged with possession of marijuana. Plaintiff says when he

questioned O'Connor about the marijuana charge, O'Connor told him that he got the marijuana out of the police car he was driving.  Plaintiff asserts the evidence presented at trial was not seized from him or off his person.  Apparently, plaintiff was convicted of the marijuana charge.  He asks this Court "to review this matter in order for these charges to be dismissed. 1. one year in jail. 2. one year probation. 3.  possession of marijuana.  To be reimbursed for fines and probation fees and compensated for all other proper relief that is due."

      The Eighth Circuit has instructed that the decision of whether a complaint is frivolous or malicious precedes the decision of whether to grant *in forma pauperis* status and whether to order service of process.  *See Carney v. Houston* 33 F.3d 893, 895 (8th Cir. 1994)(quoting *Gentile v. Missouri Dept. Of Corrections*, 986 F.2d 214 (8th Cir. 1993)). "If the complaint is frivolous or malicious, the district court should dismiss it out of hand." *Id.*  A complaint is frivolous where it lacks an arguable basis either in law or fact.  *See Neitzke v. Williams,* 490 U.S. 319, 325-27 (1989).

      Plaintiff's complaint is frivolous because his success in this action would demonstrate the invalidity of his arrest, prosecution, and/or incarceration. *Preiser v. Rodriguez,* 411 U.S. 475, 499 and n.14 (1973).  The proper remedy for making a constitutional challenge to the fact or length of confinement is a habeas petition.  Moreover, in *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held that where success in a prisoner's section 1983 damages action would implicitly challenge the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state habeas opportunities to challenge the underlying conviction or sentence.  Because the Court may not entertain his claims, plaintiff's complaint will be dismissed.

IT IS THEREFORE ORDERED that the complaint is dismissed as frivolous, and plaintiff's motion to proceed *in forma pauperis* (docket entry #1) and motion to appoint counsel (docket entry #3) are denied as moot. Pursuant to the judgment entered together with this order, this action is dismissed with prejudice.

DATED this 24th day of March 2008.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE